UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY TROST, <br><br> Plaintiff, <br><br> v. <br><br> GREG COX, et al., <br><br> Defendants. | Case No. 3:14-cv-00611-MMD-WGC <br><br> ORDER |

## I. DISCUSSION

On April 10, 2015, this Court entered a screening order dismissing Plaintiff's complaint in its entirety, without prejudice, with leave to amend. (Dkt. no. 3 at 10.) The Court granted Plaintiff thirty (30) days from the date of that order to file his amended complaint. (*Id.*) The Court also denied Plaintiff's motion for appointment of counsel because it did not find any exceptional circumstances warranting an appointment. (*Id.*)

On April 17, 2015, Plaintiff filed a motion to extend time to file his amended complaint. (Dkt. no. 5.) Plaintiff asks for an additional thirty (30) days to file his amended complaint. (*Id.* at 1.) The Court grants Plaintiff's motion for an extension of time. Plaintiff shall file his amended complaint on or before June 10, 2015.

On April 17, 2015, Plaintiff also filed a motion for reconsideration of the denial of appointment of counsel. (Dkt. no. 6 at 1.) Plaintiff argues that he has no knowledge of

the law, lacks an education, and has relied on the assistance of other inmates to file his lawsuit. (*Id.*) Plaintiff has attempted to contact several advocacy groups but has received no help. (*Id.*) Plaintiff is under severe emotional distress and cannot function without proper medical treatment for his gender identity disorder. (*Id.*) If he does not receive medical treatment soon, he will die. (*Id.*)

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

The Court acknowledges that another inmate, John Quintero, helped Plaintiff draft his original complaint. (*See* dkt. no. 4 at 19.) However, the Court does not find that Plaintiff's case exhibits exceptional circumstances at this time. The Court must consider the likelihood of success on the merits and Plaintiff's ability to articulate his complaints *pro se*. As discussed in the screening order, the Court dismissed the complaint in its entirety, with leave to amend, because Plaintiff's allegations were too vague and conclusory for the Court to determine if Plaintiff could possibly state any claims. (Dkt. no. 3 at 5-6.) As such, Plaintiff has not demonstrated that there is a likelihood of success on the merits at this time because he has not stated any cognizable claims. Plaintiff may file another motion for an appointment for counsel after he submits his amended complaint. The Court denies Plaintiff's motion for reconsideration of the denial of appointment of counsel.

///

///

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion to extend time to file amended complaint (dkt. no. 5) is granted. Plaintiff shall file his amended complaint on or before June 10, 2015.

It is further ordered that the motion for reconsideration (dkt. no. 6) is denied.

DATED THIS 21st day of April 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE